█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS MARTIN, JR., Appellant.— Appeal by defendant, as limited by his brief, from a sentence of the County Court, Nassau County, imposed January 17, 1973, upon a plea of guilty to attempted burglary in the third degree, and after revocation of probation previously granted, the revocation being based upon a plea of guilty of violation of the probation. The sentence committed defendant

---

to an indeterminate term of imprisonment not to exceed three years. Sentence affirmed. Defendant argues that his original sentence of probation was illegal since he was an addict at the time of sentencing, and accordingly, cannot now be imprisoned for violating probation, citing *People* v. *Brian C. J.* (40 A D 2d 1037). Defendant seeks to be resentenced to the Narcotic Addiction Control Commission (NACC). We find *People* v. *Brian C. J.* (*supra*) distinguishable because at the time of the original sentence in that case, NACC was accepting referrals and, therefore it was error for the court therein to impose a sentence of probation. At the time of the original sentencing in the case at bar, NACC was closed to the certification of new criminally convicted narcotic addicted defendants. As a result, the sentencing court could exercise various alternatives to imprisonment under section 60.10 of the Penal Law including probation (*People ex rel. Bennet* v. *Flood*, 39 A D 2d 320). Thus, the original sentence of probation was legal and upon a violation of probation a term of imprisonment was legally imposed. Hopkins, Acting P. J., Martuscello, Latham, Shapiro and Benjamin, JJ., concur.